IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREG ARNSON, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>MY INVESTING PLACE, a Utah Limited Liability Company, et al.,<br><br>    Defendants. | ORDER VACATING CERTIFICATE OF DEFAULT AS TO ELIZABETH McCLEERY<br>&<br>BRENT CLARKSON/TOP FLIGHT LENDING<br><br><br><br>Case No. 2:09-cv-254<br><br>Judge Dee Benson |

This matter is before the court at the request of *pro se* defendant Elizabeth McCleery (Dkt. No. 42) and the separate request of *pro se* defendant Brent Clarkson/Top Flight Lending. (Dkt. No. 43.)  The court has construed these requests/letters as independent motions to vacate the Certificate of Default that was entered against them by the Clerk of the Court on December 3, 2009.  Both Ms. McCleery and Mr. Clarkson claim that the Certificate of Default was entered in error because they filed "Responses" to Plaintiffs' original complaint on April 20, 2009.

However, Plaintiffs moved to file an Amended Complaint on August 11, 2009, and the court granted Plaintiffs' unopposed motion on September 2, 2009.  The court's September 2,

1

2009 Order expressly provides that Plaintiffs' First Amended Complaint "shall be deemed filed as of the date Plaintiffs' original complaint was filed," and explicitly states: "It is further ordered that each Defendant shall have 20 days from the date of this Order in which to file an answer to Plaintiffs' First Amended Complaint."  (Dkt. No. 34.)

Review of the docket in this case demonstrates that neither Ms. McCleery nor Mr. Clarkson have filed anything with the court since their original "responses" were filed on April 20, 2009.  Accordingly, both Ms. McCleery and Mr. Clarkson/Top Flight Lending have failed to comply with the court's Order and have failed to answer plaintiffs' first amended complaint.  Therefore, the Certificate of Default entered by the Clerk of the Court on December 2, 2009 was proper and not entered in error.

It is well established that where a party is proceeding *pro se*, the court construes their pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  See Ledbetter v. City of Topeka, 318 F.3d 1183, 1187 (10th Cir. 2003).  However, a liberal treatment of defendants' pleadings does not dismiss the requirement that pro se litigants "'follow the same rules of procedure that govern other litigants.'" Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).  Nonetheless, in light of Ms. McCleery's inquiry dated December 11, 2009, and Mr. Clarkson's letter, received by the court on December 17, 2009, it appears that these defendants seek to participate in this on-going litigation.  Accordingly, and in light of their status as a *pro se* litigants, the court hereby vacates the Certificate of Default as it relates to Ms. McCleery and Mr. Clarkson/Top Flight Lending.  With regard to Mr. Clarkson, to the extent he purports to represent Top Flight Lending, he is hereby

put on notice that a non-attorney is not permitted to represent any other person or entity in federal court. Tal v. Hogan, 453 F.3d 1244, 1254 (10th Cir. 2006); DCR Fund I, LLC v. TS Family Ltd. P'ship, 261 Fed. Appx. 139, 146 n.6 (10th Cir. 2008) (providing that a corporation or other business entity can only appear in court through an attorney and may not appear *pro se)*.

The court further orders that these defendants shall have 20 days from the date of this Order in which to file an answer to plaintiffs' Amended Complaint. Ms. McCleery and Mr. Clarkson/Top Flight Lending are strongly cautioned that failure to comply with this Order will result in a subsequent entry of default.

Dated this 23rd day of December 2009.

_____
Dee Benson
United States District Court Judge